**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **JIN XIANG ZHENG** | **CIVIL ACTION NO. 3:26-CV-00239 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **PAMELA BONDI ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by pro se Petitioner Jin Xiang Zheng ("Zheng"), an immigration detainee at Jackson Parish Correctional Center in Jonesboro, Louisiana. Zheng seeks release from detention.

Because there is no likelihood of removal in the reasonably foreseeable future, the Petition should be GRANTED.

## I. Background

Zheng is a native and citizen of China who entered the United States on or about October 1, 1993. Doc. 7-1 at 1. On December 2, 1996, he was placed in deportation proceedings. *Id.* An immigration judge denied his applications for relief and ordered him removed to China on October 3, 1997. The Board of Immigration Appeals dismissed Zheng's appeal on March 29, 1999, rendering his removal order administratively final. *Id.*

On January 6, 2009, the Chinese Consulate in New York issued Zheng a Chinese passport that remained valid until January 5, 2019. Doc. 7-1 at 2. Zheng later submitted that passport in support of an application for adjustment of status, which United States Citizenship and Immigration Services denied on June 24, 2015. *Id.* Zheng was released on an Order of Supervision on October 21, 2011. *Id.* ICE revoked that Order of Supervision on April 2, 2025, and returned Zheng to custody. He was transferred to the Jackson Parish Correctional Center on October 11, 2025, where he remains detained. *Id.*

On May 8, 2025, Zheng completed a travel document application. *Id.* ICE thereafter submitted the request and conducted multiple follow-up inquiries before forwarding the request to Enforcement and Removal Operations ("ERO") Headquarters on October 28, 2025. According to the declaration submitted by Respondents, as of February 18, 2026, ERO Headquarters advised that the request remained pending for nationality and identity verification. *Id.*

On July 9, 2025, ICE conducted a 90-day Post-Order Custody Review and determined that Zheng should remain detained because he presents a flight risk. *Id.* Zheng was served with a Decision to Continue Detention on July 11, 2025. *Id.*

Zheng contends that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no significant likelihood that he will be removed to China in the reasonably foreseeable future. The Government argues that it is

actively pursuing travel documents from the Chinese government, and that Zheng's removal remains reasonably foreseeable. *Id.*

## II. <u>Law and Analysis</u>

After an alien is ordered removed, the Government generally has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231(a)(6) authorizes continued detention beyond the 90 day removal period for the period reasonably necessary to effectuate removal. *Zadvydas*, 533 U.S. at 689-701. In fact, detention for up to six months is "presumptively reasonable." *Id*. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing with evidence, or release him. *Id.; see also* 8 C.F.R. § 241.13 (setting forth the *Zadvydas* procedures).

Here, there is no dispute that Zheng has remained in post-removal-order detention well beyond the six-month presumptively reasonable period. Accordingly, the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); *see also Altayb v. U.S. Immigration & Customs Enf't*, 1:25-CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), *recommendation adopted* 2026 WL 544292 (W.D. La. Feb. 26, 2026).

Zheng contends there is no significant likelihood of his removal in the reasonably foreseeable future because the Government has been unable to remove him for over 20 years, and has been unable to obtain travel documents in the 15 months that Zheng has been detained. Doc. 1 at 7. He asserts that China "has maintained a documented policy of refusing to issue travel documents for its nationals subject to removal from the United States, particularly for those who lack household registration." Doc. 1 at 6.

The burden therefore shifts to the Government to provide evidence demonstrating that removal is significantly likely in the reasonably foreseeable future. Rather than rebutting Zheng's showing, the Government's evidence largely corroborates his contention that removal remains speculative. According to the declaration of Supervisory Detention and Deportation Officer Justin Williams, Zheng completed the travel document application on May 8, 2025. Doc. 7-1 at 2. But the evidence indicates that China has yet to even verify Zheng's identity. Doc. 7-1 at 2.

On March 5, 2026, Williams opined that Zheng's removal was "imminent" because China "generally cooperates" in issuing travel documents for its citizens, and had previously issued Zheng a Chinese passport in 2009. Doc. 7-1 at 2. Yet Zheng is still detained, and Williams's prediction has not come to fruition. The record contains no evidence travel documents have been approved or issued, that

Chinese officials have provided any estimated timeline for issuance, or that China has indicated that Zheng would be accepted for repatriation if and when his identification is verified. *Id.*

Although the declaration indicates efforts by ICE to obtain travel documents, those efforts alone do not satisfy the Government's burden indefinitely. *Zadvydas* does not require certainty that removal will never occur; but it likewise does not permit continued detention based upon the mere possibility that travel documents may eventually issue. *See Zadvydas*, 533 U.S. at 701. Courts in this District have held that the Government's burden to furnish evidence demonstrating that removal is significantly likely in the reasonably foreseeable future is not met by a pending request for travel documents alone. *See Nguyen v. Bowen*, 25-CV-1560, 2026 WL 1179066, at *5 (W.D. La. Apr. 14, 2026), *recommendation adopted*, 2026 WL 1172680 (W.D. La. Apr. 29, 2026) ("Respondents provide no evidence—or reasons to conclude—that a travel document is forthcoming"); *Johnson v. Young*, 2013 WL 1571938, at *2 (W.D. La. Feb. 11, 2013), *recommendation adopted*, 2013 WL 1571272 (W.D. La. Apr. 12, 2013) (the argument that the Jamaican consulate had not yet refused to issue travel documents was insufficient to meet the Government's burden); *Fermine v. Dir. of Immigr. & Customs Enf't*, 2007 WL 2284606, at *4 (W.D. La. May 23, 2007); (finding no significant likelihood of removal in the reasonably foreseeable future where ICE was continuing efforts to obtain a travel

document, and Trinidad had not yet refused the request). The passage of over 12 months since travel documents were requested, and including the last five months without any documented progress (Doc. 7-1 at 2) only reinforces that conclusion here.

Whatever latitude § 1231(a)(6) affords the Government for temporary, good-faith efforts to secure travel documents, it does not authorize indefinite civil detention based solely on speculative or undefined possibilities of removal. *See Zadvydas*, 533 U.S. at 689–701.

Accordingly, Zheng has established good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, and the Government has not rebutted that showing with current evidence. Continued detention therefore is no longer authorized under 8 U.S.C. § 1231(a)(6), as construed in *Zadvydas*.

## III. <u>Conclusion</u>

Because there is no significant likelihood of Zheng's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition be GRANTED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 29th day of July, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE